IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES WILLIE DUKE, III,** ) | |
| **ID # 16029136,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:16-CV-01662-K-BH |
| ) | |
| **DALLAS COUNTY, DALLAS** ) | |
| **COUNTY SHERIFF'S DEPARTMENT,** ) | |
| DefendantS. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The plaintiff initially filed this action against the defendant on June 21, 2016, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 1, 2.) On August 23, 2016, he filed his amended IFP motion and an amended complaint using the standard form for prisoners filing a civil rights complaint under 42 U.S.C. § 1983. (*See* docs. 8, 9.) Page two of the complaint form specifically states:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(doc. 9 at 2.)[1]  The plaintiff was granted leave to proceed IFP on August 24, 2016, and the order again specifically advised that he was required to notify the Court of any change of address, and that failure to do so could result in dismissal of the case.  (*See* doc. 10 at 2.)

On February 7, 2017, the Court sent the plaintiff a questionnaire to obtain more information about his claims.  (*See* doc. 11.)  The questionnaire specifically advised the plaintiff that his answers to the questions were due within thirty days, and that a failure to timely file his answers could result in the dismissal of the case.  *Id.*  On February 22, 2017, the questionnaire was returned as undeliverable.  (*See* doc. 12.)  It appears that the plaintiff has changed addresses without notifying the Court as directed.  More than thirty days from the date of the questionnaire have passed, but the plaintiff has not filed his answers or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The complaint form and the order dated August 24, 2016, both advised the plaintiff that failing to file a change of address could result in dismissal of this action.  An order of the Court has been returned as undeliverable.  The plaintiff also failed to comply with the order that he file his answers to the questionnaire within thirty days despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case.

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a change of address form or his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 15th day of March, 2017.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE